[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is a former tenant of St. Mary's Apartments located in East Hartford, Connecticut. She leased her apartment in October 1980 from St. Mary's Housing Partnership, an organization owned and operated by defendant, The Greenwich Development Partnership ("GDP"). St. Mary's Apartments is a federally subsidized institution and is subject to rules and regulations of the Department of Housing and Urban Development.
Defendant Betty Gallagher was an employee of defendant GDP from 1980 to 1987. From 1980 to 1982 she managed St. Mary's Apartments. Defendant John Gallagher is a principal of defendant GDP. Norman Hoberman, who has been named as a defendant, is presumably associated with GDP, although no evidence was presented at trial in this regard. CT Page 1278
In her revised complaint the plaintiff alleges that she was harrassed and vilified by the live-in management of GDP for more than four years; that she received notices to quit, threats, false charges, refusals to accept rents and insults; that such harrassment caused her to sign a stipulated agreement wherein she agreed to move from the premises; and that she left the premises under duress.
After hearing all the evidence and studying the exhibits, the court finds that the plaintiff was not harrassed, vilified, or threatened, nor were false charges made against her. Her lease was terminated and eviction proceedings were brought against her because she violated the terms of the lease. Paragraph 9 of the lease provides that the tenant agrees not to install different locks on any doors without written permission of the landlord, and that if the tenant does install a different lock that tenant agrees to provide the landlord with a key to such lock. The tenant installed a different lock on the door to her apartment without written permission and refused to provide the landlord with a key despite repeated requests from the landlord. Paragraph 23(b)(1) of the lease provides that the landlord may terminate the lease for the tenant's material noncompliance with the terms of the lease. "Material noncompliance includes . . . serious or repeated interference with the rights and quiet enjoyment of other tenants . . ." The evidence at trial indicated serious and repeated interference with the rights and quiet enjoyment of other tenants. This was evidenced by the numerous complaints of other tenants.
The plaintiff further alleges in her revised complaint that after being evicted she made applications for other senior subsidized apartments in Meriden and East Hartford but was turned down because of "false information given to Connecticut Housing Finance ("CHFA") by defendant." The plaintiff has failed to prove that anyone at defendant GDP's organization gave false information to CHFA or to anyone else. Although plaintiff testified at trial that she was turned down by managers of other subsidized apartments because of adverse information, she admitted on cross-examination that any such adverse information was supplied by representatives of CHFA and not by a defendant. Furthermore, she was unable to show what the adverse information was or that it was false. CT Page 1279
In summary, the court finds that the plaintiff has failed to prove by a fair preponderance of the evidence that any of the GDP's employees harrassed or vilified her. She was evicted from her apartment for violating the terms of her lease. The court further finds that the plaintiff has failed to prove by a fair preponderance of the evidence that any of GDP's employees gave false information to Connecticut Housing Finance.
Accordingly, judgment may enter for all defendants.
Allen, J.